## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| LAUSTEVEION JOHNSON, | ) | 3:14-cv-00213-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 1, 2015 |
| | ) | |
| JAMES GREG COX, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court are Plaintiff's "Motion to Compell (sic) Defendants to Submit Documents in Camera" (Doc. # 31) and Plaintiff's "Motion for an Order Compelling Discovery " (Doc. # 32). Defendants have responded to both motions in a single filing (Doc. # 37)[1] and Plaintiff has replied (Doc. # 39).

Plaintiff failed to demonstrate to the satisfaction of the court that he adequately conferred with opposing counsel and also failed to provide accurate and satisfactory certification that he was unable to resolve the matter without court action pursuant to Fed. R. Civ. P. 37 and LR 26-7(b). *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 FRD 166, 170 (D.C. Nev. 1996) (certification must "accurately and specifically convey to the court who, where, how and when the respective parties attempted to personally resolve the discovery dispute.") While the court does not expect an inmate to *meet* with opposing counsel, the court expects–and insists–that the inmate litigant communicate with counsel in an earnest attempt to resolve the discovery dispute.[2]

However, even if Plaintiff's motions were not subject to the "meet & confer" infirmity, Plaintiff's motions should be denied on substantive grounds, as the court will now address.

---

[1] Defendants' "collective opposition" includes, alternatively, a motion for extension of time to respond to Plaintiff's motions to compel (Doc. # 37 at 1-4, 6) and also a motion to strike Plaintiff's two motions to compel (*id.*, at 5-7).

[2] The court takes note Magistrate Judge Valerie P. Cooke denied Plaintiff's motion to compel in *Johnson v. N. Young, et al.*, 3:14-cv-00178-RCJ-VPC (Doc. # 26), also by reason of Plaintiff's failure to satisfy the "meet and confer" requirements of Fed. R. Civ P. 37 and LR 26-7(b).

**MINUTES OF THE COURT**
3:14-cv-00213-RCJ-WGC
Date:  April 1, 2015
Page 2

Doc. # 31:

Although Plaintiff in this motion failed to include the full text of the discovery requests and responses as required by LR 26-7(a), as the court interprets his discovery issues, they are without merit in any event.

As to item 1, i.e., a request that he be provided selected medical records of which Plaintiff seeks production, the court has long deferred to Nevada Department of Corrections (NDOC) policy of requiring an inmate to "kite" to see his medical records and not be allowed to possess them in his cell.

As to item 2, other inmate claims of alleged sexual molestation, etc., as against Dr. Koehn are irrelevant to whether the Plaintiff's allegations against Dr. Koehn did or did not occur.  Even if other similar complaints were made, such would require the court to, in essence, conduct "mini trials" as to each inmate's assertions, claims which would likely be inadmissible at trial in any event (as they are not reasonably calculated to lead to the discovery of admissible evidence).  Additionally, requiring Dr. Koehn to undertake a review of "any and all kites, grievances, investigation reports and cases filed against ESP Dr. Michael Koehn" to extract any claims or assertions which might have averred molestation would likely be a Herculean undertaking and burdensome on Defendant Koehn, who presumably has seen hundreds if not thousands of inmates over the years and in turn has been the subject of inmate complaints, both formal and informal..

Federal Rule of Civil Procedure 26 governs the scope of discovery in civil actions, and provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Accordingly, the first limitation on permissible discovery is that it be relevant. See, e.g., *Dowell v. W.T. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. Aug. 17, 2011) (stating that the court must first address whether the requested documents are relevant before discussing other discovery contentions). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppehheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 1978 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). As discussed above, any complaints, kites, grievances, claims, etc., other inmates may have made against Dr. Koehn are irrelevant as to whether Dr. Koehn allegedly sexually abused Plaintiff.

**MINUTES OF THE COURT**
3:14-cv-00213-RCJ-WGC
Date:  April 1, 2015
Page 3
_____

Doc. # 32:

     In this filing, Plaintiff seeks the production of essentially the same materials sought in Doc. # 31, albeit with better documentation. However, the court's conclusions as to Doc. # 32 are the same as set forth with respect to Doc. # 31.

Defendants' Opposition (Doc. # 37):

     Defendants' opposition mainly addresses whether Plaintiff adequately satisfied the meet and confer preconditions of Rule 37(a) and LR 26-7(b). Defendants sought additional time to respond to the substance of Plaintiff's motions to compel, if necessary. Because the court has found Plaintiff did not satisfy the "meet and confer" precondition, and as discussed below, because this court also finds Plaintiff's substantive arguments to be without merit, there is no need for this court to require Defendants to submit additional memoranda on the discovery issue.

Plaintiff's Reply Memorandum (Doc. # 39):

     Plaintiff's 191 page reply memorandum adds nothing substantively to the merits, if any, of his motions to compel. Many of his numerous exhibits were copies of document from other cases Plaintiff has litigated. For Example, Exhibit A is a complaint from a Southern Division civil rights action, 2:13-cv-00100-JAD-GWF, *Johnson v. Lawrance, et al.* Included among Exhibit B are copies of discovery responses from *Johnson v. Young, et al.*, 3:14-cv-00178-RCJ-VPC, and from *Johnson v. Little*, 2:14-cv-00649-RFB-VCF. Exhibit C is a copy of NDOC AR 722. Exhibit D consists of filings from a Clark County, Nevada, habeas corpus action.  Exhibits E and F are grievances, mostly as to matters unrelated to Plaintiff's claims herein. *(See*, Doc. # 16, Screening Order.) Exhibit G seems to pertain to copy work requests. The remaining exhibits (H, I, J and K) are similarly unrelated to his allegations in the instant matter and bring little if anything to the table regarding the pending discovery dispute. None of the exhibits contained in Plaintiff's reply memorandum persuade the court there is any merit to Plaintiff's motions to compel.

     Plaintiff's motions to compel (Docs. ## 31, 32) are **DENIED.**  Accordingly, Defendants' counter motions for extension of time and to strike Plaintiff's motions to compel (Doc. # 37 at 1-4, 6 and 5-7) are **DENIED AS MOOT.**

     **IT IS SO ORDERED.**

                    LANCE S. WILSON, CLERK

               By:  _____/s/_____
                      Deputy Clerk